1  **WO**                                                                    RP

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf, II,  )  | No. CV 10-124-PHX-RCB (DKD) |
| Plaintiff,  ) | **ORDER** |
| vs.  ) | |
| Unknown Party, et al.,  ) | |
| Defendants.  ) | |

On January 21, 2010, Plaintiff John Calvin Neuendorf, II, who is confined in the Maricopa County Fourth Avenue Jail (Fourth Avenue Jail), filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1) and an Application to Proceed *In Forma Pauperis* (Doc. #3). On April 6, 2010, Plaintiff's First Amended Complaint (Doc. #5) (Amended Complaint) was filed in this case *nunc pro tunc*.

**I.    Application to Proceed *In Forma Pauperis* and Filing Fee**

Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) will be granted. 28 U.S.C. § 1915(a). Plaintiff must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The Court will assess an initial partial filing fee of $3.06. The remainder of the fee will be collected monthly in payments of 20% of the previous month's income each time the amount in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). The Court will enter a separate Order requiring the appropriate government agency to collect and forward the fees according to the statutory formula.

**JDDL**

## II.     Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 1950. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. Id. at 1951.

## III.    Amended Complaint

On April 6, 2010, Plaintiff submitted his Amended Complaint for filing with the Clerk of Court. However, the Clerk of Court treated the pleading as a new Complaint and opened a new case, CV 10-766-PHX-RCB (DKD), because Plaintiff had not filled in a case number in the caption of the Complaint. Upon investigating the matter, the Court determined that the Complaint was apparently meant as an Amended Complaint in the instant case. Accordingly,

the Court, by Order filed April 9, 2010 (Doc. #3 in CV 10-766-PHX-RCB (DKD)), dismissed case number CV 10-766-PHX-RCB (DKD), and directed the Clerk of Court to file a copy of the Amended Complaint in the instant case (CV 10-124-PHX-RCB (DKD)) *nunc pro tunc* April 6, 2010.

Under Rule 15(a)(1) of the Federal Rules of Civil Procedure, a "party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

Plaintiff's Amended Complaint is untimely under Rule 15(a)(1). However, in the interest of justice, the Court will grant Plaintiff leave under Rule 15(a)(2) and accept the Amended Complaint as filed.

Plaintiff should take notice that all causes of action alleged in an original complaint which are not alleged in an amended complaint are waived. Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) ("an amended pleading supersedes the original"); King v. Atiyeh, 814 F.2d 565 (9th Cir. 1987). Accordingly, the Court will consider only those claims specifically asserted in Plaintiff's Amended Complaint with respect to only those Defendants specifically named in the Amended Complaint.

Named as Defendants in the Amended Complaint are: (1) Unknown Member of the Maricopa County Sheriff's Office (MCSO) Special Assignments Unit (SAU); and (2) Rivas, MCSO Detention Officer, Fourth Avenue Jail.

Plaintiff alleges three counts in the Amended Complaint. In each, he claims that his Eighth Amendment rights were violated. Plaintiff seeks monetary damages.

**IV. Discussion**

    **A. Count I**

In Count I, Plaintiff claims that his Eighth Amendment rights were violated when he

was subjected to excessive force by Defendant Unknown Member of the SAU. Plaintiff alleges that during an incident where "SAU officers were at [his] place of residence on a call from MCSO for a complaint," he was shot twice by Defendant Unknown Member of the SAU, once in the abdomen, and once in the right arm, after Plaintiff "opened [his] garage and came out front to the garage door with [his] hands up in the air above [his] head." Plaintiff further alleges that he was shot "for reasons unknown to [him] as [he] showed no hostility and was over 20 feet away." Plaintiff also alleges that he did not have a shirt on at the time.

In reviewing Plaintiff's excessive force claim, the Court notes that "all claims that law enforcement officers have used excessive force - deadly or not - in the course of an arrest, investigatory stop, or other 'seizure' of a free citizen should be analyzed under the Fourth Amendment and its 'reasonableness' standard." Graham v. Conner, 490 U.S. 386, 395 (1989). Accordingly, Plaintiff's excessive force claim will be **construed** as raising a Fourth Amendment claim, rather than an Eighth Amendment claim. See Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford the plaintiff the benefit of any doubt").

The Court also notes that the "Eighth Amendment's prohibition of 'cruel and unusual punishments' applies only 'after conviction and sentence.'" Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001) (citations omitted). Because Plaintiff does not appear to have been convicted of, or sentenced for, any crime at the time of the incident in question, he is "accorded no rights under the Eighth Amendment" with regard to the incident. Id. (citation omitted).

Liberally construed, Plaintiff states an excessive force claim for relief under the Fourth Amendment against Defendant Unknown Member of the SAU. Although Plaintiff has alleged his claim with enough specificity to require an answer from this Defendant, the Court will not direct that service be made on Defendant Unknown Member of the SAU at this time. Generally, the use of anonymous type appellations to identify defendants is not favored. Rule 10(a) of the Federal Rules of Civil Procedure requires the plaintiff to include

1  the names of the parties in the action. As a practical matter, it is impossible in most instances for the United States Marshal or his designee to serve a summons and complaint on an anonymous defendant.

Plaintiff has not explained why he has not supplied the name of Defendant Unknown Member of the SAU. It is unclear why Plaintiff could not identify him or her from an incident or arrest report on the relevant date. It is also unclear why Plaintiff has not been able to obtain his or her true name since the incident.

However, the Court will not dismiss the Amended Complaint at this time. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (where identity of alleged defendants is unknown prior to filing of complaint, plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds). The Court will give Plaintiff 30 days to respond to this Order in a written pleading entitled "Response." Plaintiff's Response must include either (1) the name of Defendant Unknown Member of the SAU **or** (2) an explanation of what Plaintiff has done to try to learn his or her name, a description of what discovery he would undertake to learn his or her name, and the identity of at least one person who could be served with discovery. If Plaintiff fails to timely file his Response, this case will be dismissed without prejudice and without further notice.

### B. Count II

In Count II, Plaintiff claims that his Eighth Amendment rights were violated when he was subjected to excessive force by Defendant Rivas. Plaintiff alleges that while Defendant Rivas was holding Plaintiff's handcuffs, Defendant Rivas fell from the top of the fourth floor stairs of D Pod in the Fourth Avenue Jail. Plaintiff further alleges that he was pulled down the stairs by Defendant Rivas and that during the fall, Plaintiff hit his head and his "right shoulder was separated." Plaintiff asserts that Defendant Rivas "re[]broke" Plaintiff's "injury from before by not letting go of [his] handcuff which were still on in the front."

The Fourteenth Amendment Due Process clause protects pretrial detainees from excessive force that amounts to punishment. Gibson v. County of Washoe, 290 F.3d 1175,

1197 (9th Cir. 2002). "[T]he Fourth Amendment sets 'the applicable constitutional limitations' for considering claims of excessive force during pretrial detention." Id. (quoting Pierce v. Multnomah County, 76 F.3d 1032, 1043 (9th Cir. 1996)).

The Fourth Amendment does not prohibit the use of reasonable force. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1095 (9th Cir. 2006). Whether the force was excessive depends on "whether the officers' actions [were] 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham, 490 U.S. at 397. See also Tatum, 441 F.3d at 1095; Lolli v. County of Orange, 351 F.3d 410, 415 (9th Cir. 2003). The Court must balance the nature and quality of the intrusion against the countervailing governmental interests. Lolli, 351 F.3d at 415. Moreover,

> [t]he "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. . . . . "Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers," violates the Fourth Amendment. The calculus of reasonableness must embody allowance for the fact that police officers are often forced to make split-second judgments-in circumstances that are tense, uncertain, and rapidly evolving-about the amount of force that is necessary in a particular situation.

Graham, 490 U.S. at 396-97 (citation omitted).

The actions of Defendant Rivas, in failing to let go of Plaintiff's handcuffs when Defendant Rivas fell down the stairs, do not rise to the level of a constitutional violation. It was reasonable under the circumstances for Defendant Rivas to hold onto Plaintiff's handcuffs as he was falling. Moreover, instead of subjecting Plaintiff to excessive force, it appears that Defendant Rivas may have actually been trying protect Plaintiff from harm as he fell. Indeed, Plaintiff alleges that Defendant Rivas "was so strong he pulled [Plaintiff] over his head w[h]ere [Plaintiff] landed on [his] feet."

Accordingly, Count II will be dismissed for failure to state a claim upon which relief may be granted. Because no claims now remain against Defendant Rivas, the Court will also dismiss Defendant Rivas from this action for failure to state a claim.

### C. Count III

In Count III, Plaintiff claims that his Eighth Amendment rights are being violated because he is being held on excessive bail. Plaintiff alleges that his bail of $90.000.00 for one count of aggravated assault and one count of misconduct involving weapons, a repeat offense, is unconstitutional.

To state a viable constitutional claim under 42 U.S.C. § 1983, Plaintiff must show an affirmative link between the alleged injury and the conduct of an individual Defendant. Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976). However, Plaintiff has failed to link his injuries in Count III with any named Defendant. Accordingly, Count III will be dismissed for failure to state a claim upon which relief may be granted.

## V. Warnings

### A. Release

Plaintiff must pay the unpaid balance of the filing fee within 120 days of his release. Also, within 30 days of his release, he must either (1) notify the Court that he intends to pay the balance or (2) show good cause, in writing, why he cannot. Failure to comply may result in dismissal of this action.

### B. Address Changes

Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### C. Copies

Plaintiff must submit an additional copy of every filing for use by the Court. See LRCiv 5.4. Failure to comply may result in the filing being stricken without further notice to Plaintiff.

### D. Possible Dismissal

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. See Ferdik v. Bonzelet,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1) Plaintiff's Application to Proceed *In Forma Pauperis* (Doc. #3) is **granted**.

(2) As required by the accompanying Order to the appropriate government agency, Plaintiff **must pay** the $350.00 filing fee and is **assessed** an initial partial filing fee of $3.06.

(3) Defendant Rivas is **dismissed** from this action for failure to state a claim upon which relief may be granted.

(4) Counts II and III of the Amended Complaint (Doc. #5) are **dismissed** for failure to state a claim upon which relief may be granted.

(5) Within **30 days** of the date of this Order, Plaintiff **must file** a **Response** to this Order that includes either (1) the name of Defendant Unknown Members of the SAU **or** (2) an explanation of what Plaintiff has done to try to learn his or her name, a description of what discovery he would undertake to learn his or her name, and the identity of at least one person who could be served with discovery.

(6) **If** Plaintiff fails to file a Response within 30 days, the Clerk of Court must enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff.

DATED this 26th day of April, 2010.

_____
Robert C. Broomfield
Senior United States District Judge