**WO**                                                                                                       RP

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John Calvin Neuendorf, II, | No. CV 10-124-PHX-RCB (DKD) |
| Plaintiff, | **ORDER** |
| vs. | |
| Unknown Party, et al., | |
| Defendants. | |

Pending in this closed case are Plaintiff's "Motion For Consideration to Reopen Case" (Doc. 11) and "Motion: For Transcripts of Complete Record" (Doc. 13). The Court will deny both Motions.

**I.      Procedural Background**

On January 21, 2010, Plaintiff John Calvin Neuendorf, II, who is confined in the Maricopa County Fourth Avenue Jail, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 3). On April 6, 2010, Plaintiff's First Amended Complaint (Doc. 5) (Amended Complaint) was filed in this case *nunc pro tunc*.

By Order filed April 27, 2010 (Doc. 6), the Court granted Plaintiff's Application to Proceed *In Forma Pauperis*, assessed a partial filing fee of $3.06, dismissed Defendant Rivas from this action, and dismissed Counts II and III of the Amended Complaint for failure to state a claim upon which relief may be granted. Plaintiff was given 30 days from the filing date of the Order to file a Response to the Order that included either (1) the name of

Defendant Unknown Members of the SAU (the Defendant in Count I) or (2) an explanation of what Plaintiff had done to try to learn his or her name, a description of what discovery he would undertake to learn his or her name, and the identity of at least one person who could be served with discovery. The Clerk of Court was directed to enter a judgment of dismissal of this action without prejudice and without further notice to Plaintiff if he failed to file a Response within 30 days.

When Plaintiff failed to comply with the Court's April 27, 2010 Order (Doc. 6), the Clerk of Court entered a Judgment of dismissal of this action on June 11, 2010 (Doc. 8). Then, on July 8, 2010, Plaintiff filed a "Motion to the Court" (Doc. 9), in which he asked for "extensions & or the re[]opening and new directives" for this and two other cases.[1] By Order filed September 16, 2010 (Doc. 12), the Court denied Plaintiff's "Motion to the Court" (Doc. 9), which the Court construed as being brought pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, and directed the Clerk of Court not to file Plaintiff's lodged Second Amended Complaint (Doc. 10). This case was ordered to remain closed.

## II.  Motion for Reconsideration to Reopen Case

On August 20, 2010, Plaintiff filed a "Motion For Consideration to Reopen Case" (Doc. 11) in this closed case. In his Motion, Plaintiff requests that this Court reopen his "case or cases if you will for the [s]ubmission [of] newly discover[ed] evidence and identity of the defendant for the following reasons[:] [t]he protection of my civil rights, as they have in fact been violated for excessive force."

In the present case, where Plaintiff submitted his Motion after entry of judgment, the only appropriate procedural devices are: (1) a motion to alter or amend judgment pursuant to Rule 59(e), Federal Rules of Civil Procedure; or (2) a motion for relief from judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure. Here, Plaintiff did not serve his Motion within the 28 days required by Rule 59(e). Accordingly, the Court will construe

---

[1]The two other cases which Plaintiff included in his Motion were Neuendorf v. Arizona, CV 10-607-PHX-RCB (DKD), and Neuendorf v. Steinhillber, CV 10-724-PHX-RCB (DKD).

- 2 -

Plaintiff's Motion as having been brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure.

"Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993) (citation omitted).

Here, after having considered the foregoing standards, and liberally reviewing the circumstances of Plaintiff's case, the Court's previous Orders filed April 27, 2010 (Doc. 6) and September 16, 2010 (Doc. 12), the record in this case, and Plaintiff's Motion, the Court declines to set aside the Judgment of dismissal entered on June 11, 2010 (Doc. 8) and reopen this case. The Judgment of dismissal was entered in this action for Plaintiff's failure to comply with the Court's April 27, 2010 Order. Plaintiff does not dispute that he failed to so comply. Accordingly, the Court will deny Plaintiff's Motion.

### III.    Motion for Transcripts of Complete Record

On October 5, 2010, Plaintiff filed a "Motion: For Transcripts of Complete Record" (Doc. 13), in which he requests that the Court send him a copy of all the cases he has filed with this Court because his "paperwork has been destroyed from flooding and is no longer legible." Plaintiff alleges that his "cell was flooded from people throwing water in a bucket under [his] door." Plaintiff further alleges that his "files are ruined."

Plaintiff's Motion will be denied. This Court is not in a position to act as a copy service for Plaintiff. Moreover, this case is closed and must remain closed.

**IT IS ORDERED**:

(1)    Plaintiff's "Motion For Consideration to Reopen Case" (Doc. 11), which the Court **construes** as being brought pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, is **denied**.

(2)    Plaintiff's "Motion: For Transcripts of Complete Record" (Doc. 13) is **denied**.

//

//

    (3)    This case **must remain closed**.

DATED this 15th day of November, 2010.

_____
Robert C. Broomfield
Senior United States District Judge

- 4 -